**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor, Employer's Tax Identification No. 54–0486348.**

**DALKON SHIELD CLAIMANTS TRUST, Movant,**

v.

**Patricia L. SHEAR, Frederick H. Shear, and Sharon S. Lutz, Respondents.**

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

Dec. 28, 1993.

Sharon S. Lutz, Charfoos & Christensen, P.C., Detroit, Michigan, for Patricia L. Shear and Frederick H. Shear.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on motion by the Dalkon Shield Claimant's Trust ("Trust") to enforce the A.H. Robins reorganization plan ("Plan") and related documents against Claimants Patricia and Frederick Shear and their attorney, Sharon Lutz. The Trust contends that the Shears and Lutz have asked another court to interpret the Plan, the Claims Resolution Facility ("CRF"), and the Trust Agreement, and have breached the confidentiality of the Trust's final Option 3 offers. Claimants, represented by Lutz, are currently in litigation against the Trust before the United States District Court for the District of Michigan.

*Background*

In July, 1992, the Shears refused final Option 3 offers from the Trust, and this Court certified their claim for litigation in March, 1993. The Shears pursued their claim before the U.S. District Court in Michigan. In August, 1993, while the litigation was pending, Lutz wrote to the Trust stating

that the Shears wished to accept their Option 3 offers. In keeping with its longstanding policy, the Trust refused to renew the offers.

In November, 1993, Claimants moved the district court in Michigan to compel a Rule 68 Offer of Judgment.[1] The motion asks the court to force the Trust to renew its Option 3 offers, arguing that the Trust's failure to do so is contrary to the CRF and to the fiduciary duty of the trustees. Claimants attached to their motion copies of the Trust's Option 3 offers.

The Trust contends that Claimants' motion before the district court in Michigan:

(1) Asks the district court in Michigan to interpret the Plan, in violation of the Plan, of this Court's order of July 26, 1988, confirming the Plan, and of this Court's Amended Administrative Order No. 1. *See* Debtor's Sixth Amended and Restated Plan of Reorganization (*Plan*) § 8.05 (March 28, 1988) (in *In re A.H. Robins Co., Inc.,* No. 85–01307–R (E.D.Va.)); Order Confirming Plan (*Confirmation Order*) ¶ 45 (July 26, 1988) (in *In re A.H. Robins Co., Inc.,* No. 85–01307–R (E.D.Va.)) (accompanying Memorandum at 88 B.R. 742 (E.D.Va.1988)); Amended Administrative Order Number 1 Governing Dalkon Shield Arbitration and Litigation (*Administrative Order*) ¶ 3 (July 1, 1991) (in *In re A.H. Robins Co., Inc.,* No. 85–01307–R (E.D.Va.)) (confirmed in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Reiser),* 972 F.2d 77, 79 n. 1 (4th Cir.1992)).

(2) Breaches the confidentiality agreement of the CRF. *See* Dalkon Shield Trust Claims Resolution Facility (*CRF*), § G.4 (found at Appendix C of *Plan*).

(3) Disregards the procedure in the Claimants Trust Agreement (CTA) for removal of trustees. *See* Claimants Trust Agreement (*CTA*), § 3.03(c) (found at Appendix A of *Plan*).

The Shears and Lutz have not responded to the Trusts' motion.

## A. Does Claimants' Motion Ask the District Court in Michigan to Interpret the Plan?

■ Several Court documents reserve to this Court exclusive jurisdiction to resolve disputes over the interpretation of Trust documents. The Plan states:

[T]he Court will retain jurisdiction ... (c) to resolve controversies and disputes regarding interpretation and implementation of the Plan, and the Trust Agreements, the Claims Resolution Facility, and releases obtained by the Trusts (or either of them), and amendments of the Trust Agreements....

*Plan,* § 8.05. The Confirmation Order states:

This Court shall retain jurisdiction in accordance with the terms of the Plan, the other provisions of the Order, and Section 1142[2] of the Code.

*Confirmation Order,* ¶ 45 (footnote added). Amended Administrative Order No. 1 states:

This Court retains jurisdiction as provided by Section 8.05 of the Plan, and by applicable law, including exclusive jurisdiction as against any Arbitration or Litigation:

    a. to resolve controversies and disputes regarding interpretation and implementation of the Plan, the Trust Agreements, the CRF, the releases obtained by the Trusts (or either of them),

---

**1.** Rule 68 states:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer an notice of acceptance

together with proof of service thereof and thereupon the clerk shall enter judgment.... Fed.R. of Civ.Pro. 68.

**2.** 11 U.S.C. § 1142(a) requires the debtor in a bankruptcy proceeding and any entity organized for the purpose of performing the reorganization plan, to carry out the plan and comply with orders of the court. 11 U.S.C. 1142(b) authorizes the court to direct any debtor or any necessary party to perform any act necessary for consummation of the plan.

any amendments of the Trust Agreements....

*Administrative Order*, ¶ 3.a.

The CRF authorizes and encourages, but does not require, the Trust to submit its final Option 3 offer as an Offer of Judgment. The CRF states:

> For the purpose of minimizing defense costs, the Trustees should give due consideration to, and as may be appropriate, seek a pretrial order incorporating, the following:
>
> ....
>
> (3) The last offer of settlement made by the Facility to the claimant, if any, shall be deemed to be an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure.

*CRF* § G.5(b). The CRF also states that "[n]either the Claims Resolution Facility nor any of the terms or provisions thereof shall be admissible for any purpose in any judicial proceeding." *Id.* § J.

Claimants ask the district court in Michigan to examine the language of the CRF and related documents, and to find a meaning not otherwise apparent—that the Trust's refusal to settle is contrary to the Trust's authority and is a breach of the trustees' fiduciary duty. Claimants file as an exhibit several Trust documents, including the CRF.

There can be no question that Claimants, through their attorney Lutz, have attempted to use the CRF as evidence, have asked another court to interpret the CRF, and have sought from that court an interpretation that is disputed by the Trust. Claimants and Lutz have asked another court to act within the exclusive jurisdiction of this Court.

B. *Do Claimants Breach the Confidentiality Provision of the CRF?*

■ The CRF states:

Claim files and all communications between the Trust and a claimant or between the Trust and any other person about any claimant are in the nature of settlement discussions and shall be strictly confidential.

*CRF* § G.4.

Claimants' motion to the district court in Michigan discloses the amount of the Trusts' Option 3 offers and submits copies of the offer documents as exhibits. There can be no question that Claimants and Lutz have violated the confidentiality provision of the CRF.[3]

■ The Court notes that the Trust does not come before it errorless. The Trust also is bound by the CRF confidentiality provision, and also has violated it. In its motion to this Court, the Trust discloses the amount of the Claimants final demand. While complaining that Claimants disclosed the amount of the Option 3 offer, the Trust states, for no apparent purpose: "Ms. Shear made a counteroffer to settle her claim for an amount nearly thirteen times her Option 3 offer, while Mr. Shear demanded a sum more that sixty-four times greater than the Trust's offer." Motion to Enforce Plan at 5. While the Court understands that the action of the Trust in committing these violations were prompted by the reckless and unprofessional actions on the part of Attorney Lutz, the Court will not countenance any further violations—innocent or not—of any attempt or intention to violate any portion of the Plan or CFR. The Trust is admonished to be especially careful in this regard.

C. *Does Claimant's Motion Disregard the CTA Procedure for Removal of Trustees?*

■ The CTA states:

A Trustee may be removed from office by the Court upon its own motion, the motion of any Trustee, or the motion of at least 100 Beneficiaries represented by at least 5 independent and unaffiliated attorneys and a determination by the Court

---

3. The Trust asserts that the CRF confidentiality provision is similar to Federal Rule of Evidence 408, which provides that settlement information "is not admissible to prove liability for or invalidity of the claim or its amount." The CRF provision is much broader, prohibiting admissibility without restriction by purpose. *See CRF* § G.4. Although Claimants' use of the Option 3 offer does not appear to run afoul of Rule 408, it clearly violates the CRF blanket prohibition on admission.

that such removal is appropriate upon good cause shown.

*CTA* § 3.03(c).

In their motion Claimants argue to the district court in Michigan that the Trust's refusal to settle is inconsistent with the fiduciary duty of the Trustees. Claimants seek from that court neither removal of any trustee nor a determination that the trustees have breached a duty. The Trusts characterizes Claimants' argument as an accusation against the Trustees, and contends that it is not properly made anywhere but before this Court.

The Trust stretches Claimants' argument into something it is not, and stretches the trustee removal provision of the CTA into a prohibition of editorial comments on the competence of the trustees. Neither stretch is necessary. The acts of Claimants and Lutz clearly violate other provisions in Trust documents.

Lutz and her clients have not responded to the Trust's motion, nor have they availed themselves of an opportunity to be heard, although a time for such a hearing was set, ample notice of same was conveyed to respondent, and a hearing was held.

█ It would appear, and the Court finds, either that Attorney Lutz has deliberately violated the Plan and the CFR as contended by the Trust, or she through ignorance and incompetence did so. In either event, her actions have resulted in additional expense to the Trust to the detriment of all claimants.

Upon the Trust satisfying the Court of the additional cost incurred, an appropriate Order assessing same will be entered against respondent Lutz.

█ The Court views her clients as innocent parties in this matter and will issue no sanctions against them under the evidence presently before the Court. Until the monetary sanctions to be ordered are paid by Attorney Lutz, her right to apply to this Court for a lifting of the Stay now in effect will be suspended, except for good cause shown.

An appropriate Order follows.

*ORDER*

For the reasons stated in the Memorandum this day filed, it is ADJUDGED AND ORDERED as follows:

Respondent Lutz is found to have violated aspects of the CFR and the Plan, through ignorance or deliberate misconduct, and will be assessed reasonable costs incurred by the Petitioner. An appropriate Order in this regard will follow.

The Respondents Patricia L. Shear, Frederick H. Shear and their Attorney Sharon S. Lutz, their agents, servants and all in concert therewith shall, within seven (7) days of this date file with the appropriate court referred to below a motion seeking that Court's permission to withdraw the "Motion to Compel Rule 68 Offer of Judgment" and Brief in Support of Motion (both of which, including exhibits to the Brief, are attached hereto as Exhibit A) they have filed in the lawsuit on the Shears' Dalkon Shield Personal Injury Claims in the United States District Court for the Western District of Michigan, because such filing violates this Court's exclusive jurisdiction over interpretation of the Plan, the confidentiality provisions of § G.4 of the CRF, and the procedure in § 3.03(c) of the Claimants Trust Agreement ("CTR") for presenting claims regarding the fiduciary duties of the Trustees, and; directing such other and further relief as the Court deems necessary and appropriate to enforce its jurisdiction and the Plan.

Respondents and each of them are mandatorily enjoined to conform to the Plan of Reorganization of the A.H. Robins Company, Incorporated and the CFR, and are enjoined from any further breach of the confidentiality aspect thereof or seeking an interpretation of said Plan from any Court excepting the Bankruptcy Court for the Eastern District of Virginia.

Failure to comply with this Order will be grounds for the issuance of an appropriate Show Cause Order against each of the Respondents.

The Trust shall, within ten (10) days hereof, file with this Court an itemization of all costs reasonably incurred on account of the wrongful actions of Attorney Lutz in connec-

tion with the issues arising in this Motion to Enforce Plan.