In re A.H. ROBINS COMPANY, INC., Debtor, Employer Tax Identification No. 54–0486348.

Laura WELCH and Kenneth Welch, Movants,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 84–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

Aug. 16, 1994.

**570**

S. Stacy Chapman, III, Webber, Costello, Chapman & Kupferer, Ltd., Rutland, Vermont, for Laura Welch and Kenneth Welch.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

### *MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on motion by Dalkon Shield Claimants Laura Welch and Kenneth Welch for permission to use certain documents in their pending lawsuit against the Dalkon Shield Claimant's Trust ("Trust"). The Trust has responded in opposition, the Court has heard oral argument, and the matter is ripe for decision. For reasons which follow, the Court will deny the motion.

Claimants Laura and Kenneth Welch in 1984 filed suit in a Vermont court against A.H. Robins Co. to recover for injuries purportedly resulting from Laura Welch's use of the Dalkon Shield. The suit was stayed as a result of the bankruptcy petition of A.H. Robins Co. and this Court's blanket injunction channeling all Dalkon Shield-related litigation through an approved claims resolution process. *See In re A.H. Robins Co. (Confirmation Memorandum)*, 88 B.R. 742, 751, 754 (E.D.Va.1988); Order Confirming Debtor's Sixth Amended and Restated Plan of Reorganization (*Confirmation Order*) ¶ 34, Docket No. 5714 (July 26, 1988).

The express purpose of the claims resolution process is settlement. The process is designed to promote rapid and efficient settlement of the many thousands of Dalkon Shield claims by offering full payment of valid claims. *See Dalkon Shield Trust* Claims Resolution Facility (*CRF*) § A, found at Exh. C to Debtor's Sixth Amended and Restated Plan of Reorganization (*Plan*) (March 28, 1988). A claimant who is not satisfied with the Trust's final settlement offer may choose to resolve her claim through any of a number of optional methods, including traditional litigation.

Laura and Kenneth Welch were not satisfied with the Trust's final settlement offers and chose to resolve their claims through traditional litigation. This Court certified them to proceed with their litigation in Vermont, substituting the Trust as defendant.

During trial preparations a dispute arose as to whether the Welches could use certain documents as evidence. The Welches sought to use portions of forms they received from the Trust during the claims resolution process. They sought to introduce in evidence portions of what is commonly called the "Claim Form"—a standardized, pre-printed questionnaire that the Trust sends to every claimant in order to elicit enough medical information to make a responsible settlement offer. The Claim Form was designed with unrepresented claimants in mind. It seeks to simplify and explain matters relevant to settlement considerations, as well as to elicit relevant information about the claim.

The Trust opposed use of any portion of the Claim Form at trial on the basis that the form was in the nature of settlement discussions and on the basis that disclosure of the form is prohibited under the confidentiality provision in the Claims Resolution Facility ("CRF") of the A.H. Robins Reorganization Plan ("Plan"). The Vermont court continued trial to August 23, 1994, to allow the parties to bring the dispute to this Court.

▮ The Welches move this Court to authorize use of the Claim Form as evidence at trial. The Court deems this to be a motion pursuant to its exclusive jurisdiction to interpret the meaning of the Plan and its instruments. *See Plan* § 8.05; *Confirmation Order* ¶ 45; Amended Administrative Order Number 1 Governing Dalkon Shield Arbitration and Litigation ¶ 3 (July 1, 1991).

This motion calls on the Court to interpret the meaning of the Plan's confidentiality provision, found in the CRF. Section G.4 of the CRF states:

Claim files and all communications between the Trust and a Claimant or between the Trust and any other person about any Claimant are in the nature of settlement discussions and shall be strictly confidential.

The issues raised by Movants and by the Trust concern: (1) what communications are covered by this provision; and (2) whether the requirements of this provision can be waived.

### 1. *Scope of the Confidentiality Provision*

■ Claimants first contend that the standard language in the pre-printed Claim form is not covered by the confidentiality requirement in section G.4. They argue that the phrase "about any Claimant" modifies the phrase "all communications." They contend that the Claim Form is not a communication "about any Claimant" within the meaning of the confidentiality provision because it is a standard form using generic language applicable to all claimants.

The Trust argues that the phrase "about any Claimant" modifies only the phrase "all communications between ... the Trust and any other person." Therefore, it concludes, the "all communications between the Trust and a Claimant," without restriction, are confidential.

The Trust's position goes too far. The Trust's interpretation of section G.4 would prohibit disclosure of such innocuous items as newsletters or announcements that the Trust from time to time may send to claimants. The Trust's interpretation of section G.4 would prohibit the Trust from defending against a state lawsuit on the basis that a plaintiff has already communicated acceptance of a settlement offer made by the Trust.

The Court finds that a communication between the Trust and a claimant must be "about any Claimant" to be covered by the confidentiality provision in section G.4 of the CRF. However, the term "about any Claimant" does not have so narrow a meaning as that urged by the Movants. Any communication that is between the Trust and a particular claimant and that offers or seeks information for the purpose of resolving a claim is a communication "about a Claimant."

■ The Welches contend that the Claim Form sent to them by the Trust was a standard, pre-printed form, sent to all claimants, and therefore cannot be "about" them or any other claimant. The Welches would have the confidentiality provision apply only to communications whose form and content are tailored to the particular recipient. It is absurd to suggest that the Trust can tailor its communications to each of thousands of claimants, while also satisfying its duty to operate expeditiously. The fact that a communication is standard and pre-printed is immaterial. The Claim Form sent to each of the Movants was a communication from the Trust, which sought information and offered information for the purpose of resolving Movants' claims. The Claim Form is covered by the confidentiality provision.

### 2. *Waiver*

■ Movants argue that, even if the Claim form is covered by the confidentiality provision, the Trust has waived confidentiality by: (1) using the Claim form during a deposition; and (2) stating on the form itself that it might be used in litigation.

The Trust argues, first, that the parties to the deposition were the parties to the communication—the Trust and the Claimant. Therefore, use of the Claim Form in deposition was not a waiver because it was not a disclosure. Second, the Trust argues, the language on the Claim Form suggesting future use in litigation is one small passage in a larger context of language encouraging claimants to be accurate and truthful. Therefore, according to the Trust, the language at issue must be read as cautionary and not permissive.

■ Both arguments miss the mark. The confidentiality requirement established by the CRF is not a privilege residing in the parties which they are free to waive. The confidentiality at issue here is a duty im-

posed on the Trust and all claimants by the CRF and by the Orders of this Court approving and enforcing the CRF. No statement or act of the Trust or of any claimant can extinguish that duty.

■ This Court has observed that the scope of the CRF confidentiality provision is broader than the scope of Rule 408 of the Federal Rules of Evidence. *See* Memorandum (Contested Matter of *Dalkon Shield Claimants Trust v. Shear*), 197 B.R. 556, 559 n. 3 (E.D.Va.1993). This broader scope is no accident. It comports with the different purposes of Rule 408 and CRF section G.4. Rule 408 aims to foster settlement discussions in an individual lawsuit, and therefore insulates the particular parties to a settlement discussion from possible adverse consequences of their frank and open statements. The CRF confidentiality provision is intended to do that and more. It protects not only the individual parties to settlement discussions, but also protects all other claimants by protecting the claims resolution process itself. If the claims resolution process were to become crippled by secretive postures, defensive tactics, and a general failure of claimant confidence, then the process would cease to be efficient or effective, and all claimants would suffer. The scope of CRF confidentiality is broader than that of Rule 408 in keeping with the aim of the CRF to safeguard not only the parties to a communication, but also a larger community of affected persons.

In view of its larger purpose, the CRF confidentiality provision cannot be waived by a party to a protected communication. Only this Court, in its discretion and for good cause, may relieve a claimant or the Trust from the duty of confidentiality imposed by CRF section G.4.

■ The Court has been tolerant of occasional confidentiality breaches by unrepresented claimants when clearly committed in ignorance rather than in bad faith. The Court is less tolerant of breaches committed with benefit of counsel. *See* Memorandum at 5–6, Docket No. 16601, Order at 1–2, Docket No. 16602 (Contested Matter of *Dalkon Shield Claimants Trust v. Shear*, 197 B.R.

556, 559, 560 (E.D.Va.1993) (finding violation of CRF confidentiality provision, ordering compliance, and ordering filing of statement of costs).

For the reasons given, the Court determines that the confidentiality provision in section G.4 of the CRF applies to the Claim Form sent by the Trust to each of the Movants.